UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

MOLLY COHEN,

                             Plaintiff,

             v.

INTEGRATED PROJECT DELIVERY PARTNERS,
INC., and DAVID SILVERSTEIN, in both his individual
and professional capacities,

                         Defendants.

------------------------------------------------------------------ X

Civil Action No.
18-cv-02581 (GBD) (DCF)


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT


Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
Attorneys for Defendants
IPD and DAVID SILVERSTEIN
150 East 42nd Street
New York, NY 10017
Tel: (212) 490-3000
Fax: (212) 490-3038
File No. 12548.00074


**COUNSEL:   NANCY V. WRIGHT
                   EMERY L. LYON**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT .................................................................................1

STANDARD OF REVIEW ......................................................................................3

ARGUMENT ......................................................................................5

     I.     DEFENDANTS HAD NO KNOWLEDGE OF PLAINTIFF'S
           ASSOCIATION WITH ANY PERSONS WITH DISABILITIES PRIOR
           TO TERMINATING HER EMPLOYMENT ..........................................................5

     II.    PLAINTIFF HAS FAILED TO PROFFER ANY PROBATIVE
           EVIDENCE OF A DISCRIMINATORY ANIMUS TOWARDS HER
           FOR ANY REASON, LET ALONE BECAUSE OF AN UNKNOWN
           ASSOCIATION WITH HER DISABLED PARENTS ...........................................6

     III.   DEFENDANTS HAVE ESTABLISHED THE LEGITIMATE
           BUSINESS REASONS FOR TERMINATION - NAMELY, HER
           JOB ABANDONMENT AND OTHER PERFORMANCE ISSUES
           AND PLAINTIFF HAS NOT ESTABLISHED THIS REASON IS
           PRETEXTUAL ..........................................................11

     IV.   EVEN IF PLAINTIFF COULD ESTABLISH LIABILITY, WHICH
           SHE CANNOT, PLAINTIFF IS NOT ENTITLED TO BACK OR
           FRONT PAY BECAUSE SHE VOLUNTARILY SOUGHT AND
           HAS REMAINED IN A PART TIME POSITION UPON
           LEAVING IPD ..........................................................15

CONCLUSION..........................................................17

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Adams v. Verizon NY, Inc.*,
   2008 U.S. Dist. LEXIS 38649, at *10 (S.D.N.Y. 2008) ........................................................ 14

*Aiossa v. Bank of Am., N.A.*,
   538 F. App'x 8, 9 (2d Cir. 2013) .......................................................................................... 4

*Anderson v. City of NY*,
   2017 U.S. Dist. LEXIS 8358, at *54-55 (S.D.N.Y. 2017) ................................................. 11

*Barounis v. NYPD*,
   2012 WL 6194190, at *5 (S.D.N.Y. 2012) ......................................................................... 4

*Batlidze v. Harris Beach, LLP*,
   361 F. App'x 216, 216 (2d Cir. 2010) .................................................................................. 3

*Ben-Levy v. Bloomberg*,
   518 Fed. Appx. 17, 19-20 (2d Cir. 2013) ............................................................................ 7

*Boise v. NY Univ.*,
   2003 U.S. Dist. LEXIS 18639, at *7 (S.D.N.Y. 2003) ....................................................... 3

*Bolick v. Alea Group Holdings, Ltd.*,
   202 F. App'x 474 (2d Cir. 2006) ......................................................................................... 9

*Bridges v. State Corr. Servs.*,
   2019 U.S. Dist. LEXIS 56551, at *5 (S.D.N.Y. 2019) ....................................................... 4

*Carmellino v. Dist. 20 of the NY City Dept. of Educ.*,
   2006 U.S. Dist. LEXIS 63705, at *123 (S.D.N.Y. 2006) .................................................. 10

*Chang v. MetroPlus Health Plan*,
   2014 WL 842635, at *1 (S.D.N.Y. 2014) *aff'd*, 590 F. App'x 74 (2d Cir. 2015) .................... 7

*Chinnery v. NY State Off. of Children & Family Servs.*,
   2014 U.S. Dist. LEXIS 60896, at *32 (S.D.N.Y. 2014) .................................................... 10

*Chisolm Liberty Lines Tr., Inc.*,
   2013 U.S. Dist. LEXIS 16254, at *21 (S.D.N.Y. 2013) .................................................... 16

*Clark v. Jewish Childcare Assn.*,
   96 F. Supp. 3d 237, 263 (S.D.N.Y. 2015) ......................................................................... 11

*Concepcion v. City of New York*,
   2016 U.S. Dist. LEXIS 11352 (S.D.N.Y. 2016) ................................................................. 7

*DeLuca v. Sirius XM Radio, Inc.*,
  2017 U.S. Dist. LEXIS 127278, at *54 (S.D.N.Y. 2017) .......................................... 11

*DeMarco v. Ben Krupinski Gen. Contr., Inc.*,
  2014 U.S. Dist. LEXIS 96350, at *48 (E.D.N.Y. 2014) ............................................ 15

*Dessources v. Am. Conference Inst.*,
  2013 U.S. Dist. LEXIS 69406, at *6 (S.D.N.Y. 2013) ............................................... 7

*Dobrynio v. Central Hudson Gas & Elec. Corp.*,
  419 F. Supp. 2d 557 (S.D.N.Y. 2006) ...................................................................... 9

*Dollinger v. State Ins. Fund*,
  44 F. Supp. 2d 467, 480-481 (N.D.N.Y. 1999) ...................................................... 14

*EEOC v. Bloomberg L.P.*,
  29 F. Supp. 3d 334, n. 9 (S.D.N.Y. 2014) ....................................................... 15, 16

*Ejiogu v. Grand Manor Nursing & Rehabilitation Ctr.*,
  2017 U.S. Dist. LEXIS 46629, at *31 (S.D.N.Y. 2017) .......................................... 14

*Elmessaoudi v. Mark 2 Rest. LLC*,
  2016 U.S. Dist. LEXIS 125927, at *45 (S.D.N.Y. 2016) ......................................... 15

*Espinoza v. NY City DOT*,
  304 F. Supp. 3d 374, 389, n. 15 (S.D.N.Y. 2018) ................................................... 3

*Gorman v. Covidien, LLC*,
  146 F. Supp. 3d 509, 515 (S.D.N.Y. 2015) ............................................................. 4

*Hutter v. Countrywide Bank, N.A.*,
  710 F. App'x 25, 27 (2d Cir. 2018) ........................................................................ 4

*Joseph v. N. Shore Univ. Hosp.*,
  473 F. App'x 34, 36 (2d Cir. 2012) ..................................................................... 3, 4

*Konteye v. NY City Dept. of Educ.*,
  2019 U.S. Dist. LEXIS 62794, at *17 (S.D.N.Y. 2019) ............................................ 4

*Lewis v. Blackman Plumbing Supply L.L.C.*,
  51 F. Supp. 3d 289, 305 (S.D.N.Y. 2014) ............................................................... 5

*Luxemberg v. Guardian Life Ins. Co.*,
  2004 U.S. Dist. LEXIS 3121, *22 (S.D.N.Y. 2004) ............................................... 15

*Martin v. MTA Bridges & Tunnels*,
  610 F. Supp. 2d 238, 251 (S.D.N.Y. 2009) .......................................................... 15

2

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
  715 F.3d 102, 110 (2d Cir. 2013) ........................................................ 7

*Milione v. City Univ. of N.Y.*,
  950 F. Supp. 2d 704 (S.D.N.Y. 2013) ................................................ 9

*Moore v. City of NY*,
  2017 U.S. Dist. LEXIS 379, at *58 (S.D.N.Y. 2017) ......................... 6

*Mosley v. City of Rochester*,
  2012 U.S. Dist. LEXIS 178090, at *15 (W.D.N.Y. 2012) ................... 10

*Nicastro v. N.Y.C. Dep't of Design and Const.*,
  125 Fed. App'x 357, 358 (2d Cir. 2005) ............................................. 10

*Nokaj v. N. E. Dental Mgt., LLC*,
  2019 U.S. Dist. LEXIS 24396, at *45 (S.D.N.Y. 2019) ...................... 15

*Pacenza v. IBM Corp.*,
  2009 U.S. Dist. LEXIS 29778, at *29 (S.D.N.Y. 2009) ...................... 5

*Paluh v. HSBC Bank USA*,
  409 F. Supp. 2d 178, 204 (W.D.N.Y. 2005) ....................................... 16

*Philip v. GTECH Corp.*,
  2016 U.S. Dist. LEXIS 94777, at *73 (S.D.N.Y. 2016) ...................... 11

*Primmer v. CBS Studios, Inc.*,
  667 F. Supp. 2d 248, 251 (S.D.N.Y. 2009) ........................................ 4

*Pryor v. Jaffe & Asher, LLP*,
  992 F. Supp. 2d 252, 254 (S.D.N.Y. 2014) ........................................ 10

*Risco v. McHugh*,
  868 F. Supp. 2d 75, 92, n. 18 (S.D.N.Y. 2012) ................................. 9

*Rogers v. Bank of NY Mellon*,
  2016 U.S. Dist. LEXIS 107780, at *49 (S.D.N.Y. 2016) .................... 9

*Russo v. NY Presbyt. Hosp.*,
  972 F. Supp. 2d 429, 434 (E.D.N.Y. 2013) ..................................... 10-11

*Sacay v. Research Found. of the City Univ. of NY*,
  193 F. Supp. 2d 611, 630 (E.D.N.Y.  2002) ....................................... 5

*Silver v. Entergy Nuclear Operations, Inc.*,
  290 F. Supp. 3d 234, 243 (S.D.N.Y. 2017) ........................................ 11

*Tabachnik v. Jewish Theol. Seminary of Am.*,
   2004 U.S. Dist. LEXIS 3405, at *14 (S.D.N.Y. 2004) ....................................................... 7, 14

*Toombs v. NY City Hous. Auth.*,
   2017 U.S. Dist. LEXIS 45544, at *18 (S.D.N.Y. 2017) ..................................................... 5, 7, 8

*Tucker v. City of New York*,
   2008 U.S. Dist. LEXIS 76900 (S.D.N.Y. 2008) ........................................................................ 9

*Walsh v. NY City Hous. Auth.*,
   828 F.3d 70, 87 (2d Cir. 2016) ................................................................................................... 3

*Welland v. Citicorp, Inc.*,
   2003 U.S. Dist. LEXIS 22721, at *20 (S.D.N.Y. 2003) ......................................................... 14

*Wesley-Dickson v. Warwick Val. Cent. Sch. Dist.*,
   973 F. Supp. 2d 386, 405 (S.D.N.Y. 2013) .............................................................................. 9

*Whitehurst v. State Is. Univ. Hosp.*,
   2018 U.S. Dist. LEXIS 95627, at *20 (E.D.N.Y. 2018) ........................................................... 5

*Woolf v. Bloomberg L.P.*,
   2019 U.S. Dist. LEXIS 35082, at *55 (S.D.N.Y. 2019) ......................................................... 11

**Statutes, Rules, and Regulations**

Americans with Disabilities Act ...................................................................................... *passim*

FRCP 56 ...................................................................................................................................... 3

New York State Human Rights Law ................................................................................ *passim*

New York City Human Rights Law................................................................................... *passim*

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted by defendants, INTEGRATED PROJECT DELIVERY PARTNERS, INC. ("IPD") and DAVID SILVERSTEIN, in support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP") seeking dismissal of plaintiff's claims of association discrimination pursuant to the Americans with Disabilities Act ("ADA") and the New York State and City Human Rights Laws ("NYSHRL") ("NYCHRL").[1]

Plaintiff, a former Assistant Project Manager for IPD, attempts to proffer association discrimination claims in response to being appropriately disciplined for unapproved work absences and other performance issues just months into her employment tenure.  Plaintiff's termination from her employment had nothing whatsoever to do with discrimination.  To the contrary, plaintiff was terminated on December 28, 2017 for job abandonment and other performance issues, after she took a three day unscheduled and unapproved leave of absence from her duties in clear violation of IPD's policies.  Plaintiff now inexplicably alleges she was terminated because of her association with her disabled parents, notwithstanding her concession that she never disclosed her parents' alleged disabilities to defendants during her employment tenure.

Discovery has now closed and plaintiff has proffered no probative evidence establishing that IPD or Mr. Silverstein were ever aware of plaintiff's parents' alleged disability prior to her termination. In fact, all the probative evidence adduced during discovery, including plaintiff's own concession, confirms that plaintiff did not disclose her parents' alleged disability to Mr. Silverstein until <u>after</u> she was terminated from her employment.  Without establishing such knowledge,

---

[1] Plaintiff voluntarily withdrew her claim of association discrimination pursuant to the Rehabilitation Act. *See* So Ordered Stipulation of Dismissal with Prejudice (Dkt. No. 58).

1

plaintiff has failed to establish a crucial element of her prima facie burden of proof and her claims should be dismissed at this juncture.

Even if plaintiff had established the requisite knowledge, which she has not, plaintiff's claims still fail because she has also failed to adduce any evidence indicating a discriminatory animus or motive in the termination of her employment.  Indeed, the evidentiary record clearly establishes the legitimate business reasons for plaintiff's termination, i.e.: (i) plaintiff exhibited a pattern of performance issues throughout her employment and had a performance meeting about these issue shortly before termination; (ii) plaintiff failed to take any steps to improve upon her previously outlined performance deficiencies and instead, shortly thereafter, failed to appear at work for three consecutive days without prior knowledge or approval; and, (iii) even if plaintiff's supervisor, Mr. Silverstein, had been aware of her disability association, he would be the least likely person to discriminate against her on that basis because he, too, is closely associated with a person with a disability (his mother).

Accordingly, defendants respectfully submit that plaintiff's claims cannot survive summary judgment and dismissal is warranted now on the following bases:

I.   Defendants had no knowledge of plaintiff's association with any persons with disabilities prior to terminating her employment;

II.   Plaintiff has failed to proffer any probative evidence of a discriminatory animus towards her for any reason, let alone because of an unknown association with her disabled parents;

III.   Defendants have established the legitimate business reasons for termination - namely, her job abandonment and other performance issues and plaintiff has not established this reason is pretextual; and,

IV.   Even if plaintiff could establish liability, which she cannot, plaintiff is not entitled to back or front pay because she voluntarily sought and has remained in a part time position upon leaving IPD.

2

## STANDARD OF REVIEW

"The salutary purposes of summary judgment—avoiding protracted, expensive and harassing trials—apply no less to discrimination cases than to . . . other areas of litigation." *Walsh v. NY City Hous. Auth.*, 828 F.3d 70, 87 (2d Cir. 2016) (*citing Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985). The Supreme Court has reiterated that "trial courts should not treat discrimination differently from other ultimate questions of fact." *Boise v. NY Univ.*, 2003 U.S. Dist. LEXIS 18639, at *7 (S.D.N.Y. 2003) (*citing Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) (*quoting Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000)). To this end, courts within "the Second Circuit have not hesitated to grant defendants summary judgment in such cases where . . . plaintiff has offered little or no evidence of discrimination." *Espinoza v. NY City DOT*, 304 F. Supp. 3d 374, 389, n. 15 (S.D.N.Y. 2018) (*citing Scaria v. Rubin*, 1996 U.S. Dist. LEXIS 9659 (S.D.N.Y. 1996)).

A plaintiff alleging discrimination under the ADA bears the burden of establishing both a prima facie case and pretext.[2] *See Batlidze v. Harris Beach, LLP*, 361 F. App'x 216, 216 (2d Cir. 2010) (*citing Ryan v. Grae & Rybicki P.C.*, 135 F.3d 867, 869 (2d Cir. 1998)). On a motion for summary judgment, although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must set forth specific, supported facts showing that there is a genuine issue for trial. *See* FRCP 56(e); *Joseph v. N. Shore Univ. Hosp.*, 473 F. App'x 34, 36 (2d Cir. 2012) (*citing Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003)). "Conclusory allegations, conjecture, and speculation . . .

---

[2] The NYSHRL is analyzed identically to the ADA. *See Krasner v. City of New York*, 580 Fed. Appx. 1 (2d Cir. 2014) ("ADA and NYSHRL claims of disability discrimination are governed by the familiar burden-shifting framework set forth in *McDonnell Douglas*.") (*citing Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006)); *Eskenazi-Mcgibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 231 (E.D.N.Y. 2015) (citing *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)).

are insufficient to create a genuine issue of fact." *Joseph*, 473 F. App'x at 36; *see also Bridges v. State Corr. Servs.*, 2019 U.S. Dist. LEXIS 56551, at \*5 (S.D.N.Y. 2019) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment.") *(citing Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999)); *Hutter v. Countrywide Bank, N.A.*, 710 F. App'x 25, 27 (2d Cir. 2018) (plaintiff's own conclusory testimony is insufficient to defeat motion for summary judgment).

The same is true for claims brought pursuant to the NYCHRL. *See Primmer v. CBS Studios, Inc.*, 667 F. Supp. 2d 248, 251 (S.D.N.Y. 2009) ("NYSHRL and [NYCHRL] claims of disability discrimination are analyzed under the same McDonnell Douglas framework as ADA claims."); *Gorman v. Covidien, LLC*, 146 F. Supp. 3d 509, 515 (S.D.N.Y. 2015) ("The NYCHRL does not alter the kind, quality or nature of evidence that is necessary to support or defeat a motion for summary judgment under [FRCP] 56."); *Barounis v. NYPD*, 2012 WL 6194190, at \*5 (S.D.N.Y. 2012) (same); *Aiossa v. Bank of Am., N.A.*, 538 F. App'x 8, 9 (2d Cir. 2013) (non-moving party must provide more than conclusory allegations and metaphysical doubt to defeat a motion for summary judgment dismissal of NYCHRL claims); *Konteye v. NY City Dept. of Educ.*, 2019 U.S. Dist. LEXIS 62794, at \*17 (S.D.N.Y. 2019) (summary judgment may be granted where the non-movant's evidence is conclusory, speculative, or not significantly probative).

The evidentiary record before this Court establishes that summary judgment is appropriate because plaintiff cannot meet her *prima facie* or pretext burdens of proof, and unsubstantiated allegations like those at bar cannot defeat a summary judgment motion. Accordingly, summary judgment dismissal is appropriate at this juncture.

**ARGUMENT**

**POINT I**

**DEFENDANTS HAD NO KNOWLEDGE OF PLAINTIFF'S ASSOCIATION WITH ANY PERSONS WITH DISABILITIES PRIOR TO TERMINATING HER EMPLOYMENT**

Plaintiff's ADA, NYSHRL and NYCHRL discrimination claims all stem from plaintiff's wholly unsupported allegation that she was terminated from her employment because of her relationship with her parents, who suffer from disabilities.  In order to prove such a claim, however, plaintiff was required and failed to establish that defendants knew at the time that she had a disabled relative or associate.  *See Toombs v. NY City Hous. Auth.*, 2017 U.S. Dist. LEXIS 45544, at *18 (S.D.N.Y. 2017) (plaintiff must prove she was known at the time to have a relative or associate with a disability); *Pacenza v. IBM Corp.*, 2009 U.S. Dist. LEXIS 29778, at *29 (S.D.N.Y. 2009) ("Impossible" to base employment decision on employee's protected class when employer is unaware of protected class at time of employment decision) (collecting cases); *Sacay v. Research Found. of the City Univ. of NY*, 193 F. Supp. 2d 611, 630 (E.D.N.Y.  2002) (dismissing association discrimination claim where plaintiff failed to show that "she was known by her employer to have a relative with a disability under the ADA."); *Whitehurst v. State Is. Univ. Hosp.*, 2018 U.S. Dist. LEXIS 95627, at *20 (E.D.N.Y. 2018) (no viable claim for discrimination-based termination where employer did not know of employee's protected class at time of termination); *Lewis v. Blackman Plumbing Supply L.L.C.*, 51 F. Supp. 3d 289, 305 (S.D.N.Y. 2014) ("elemental" that an employer cannot discriminate against a plaintiff based on protected class if it was unaware that the plaintiff was in a protected class) (collecting cases).

The evidentiary record clearly establishes that at no time during her employment tenure did plaintiff disclose to Mr. Silverstein that her parents were ill or suffered from disabilities, or that she had any purported obligation to care for them.  In fact, during her December 21, 2017

performance review meeting where plaintiff's punctuality among other issues were discussed, plaintiff requested a modified schedule not to care for her parents, but for her "***personal and wellness needs***."  During that meeting, plaintiff also inquired whether the office would be open and was told it would be and that she would be expected to be at work, and even then she made no disclosure of any parental care obligations. Plaintiff's non-disclosure was confirmed by her post-termination December 28, 2017 email to Mr. Silverstein where she disclosed for the first time that:

> "Outside of it being the holidays, I was needed back in Florida to take care of both my parents. **I've chosen not to share the details of the care [my parents] receive because I didn't deem it appropriate.** Having said that, it seems that my attempt to express the situation without full disclosure was inadequate. My father is suffering from Stage 4 Cancer of the throat and mouth, which has spread to his lung and spine, and my mother, who has Primary Progressive Multiple Sclerosis, is unable to be his primary caretaker."

In the face of this evidentiary record and her own written concession, plaintiff has not and cannot make out her *prima facie* case for association discrimination as she cannot rebut the undisputed fact that her alleged association with persons with disabilities was completely unknown to defendants prior to her termination.

## POINT II

### PLAINTIFF HAS FAILED TO PROFFER ANY PROBATIVE EVIDENCE OF A DISCRIMINATORY ANIMUS TOWARDS HER FOR ANY REASON, LET ALONE BECAUSE OF AN UNKNOWN ASSOCIATION WITH HER DISABLED PARENTS

It is well settled that, as a part of plaintiff's *prima facie* case of association discrimination under the ADA, NYSHRL and NYCHRL, she must establish a discriminatory animus on the basis of her alleged protected class—i.e., her association with persons that are disabled.  *See Toombs*, 2017 U.S. Dist. LEXIS 45544, at *18 (discriminatory animus required to establish association discrimination claim under the ADA); *Moore v. City of NY*, 2017 U.S. Dist. LEXIS 379, at *58 (S.D.N.Y. 2017) (ADA requires that alleged mistreatment be motivated by either discriminatory

6

animus or ill will due to protected category; bare assertion of discriminatory animus, without any specific factual support, is not sufficient under ADA); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc*., 715 F.3d 102, 110 (2d Cir. 2013) (NYCHRL discrimination claims require showing discriminatory motive); *Chang v. MetroPlus Health Plan*, 2014 WL 842635, at *1 (S.D.N.Y. 2014) *aff'd,* 590 F. App'x 74 (2d Cir. 2015)  (an inference of discrimination is required for NYCHRL claims); *Ben-Levy v. Bloomberg*, 518 Fed. Appx. 17, 19-20 (2d Cir. 2013) (NYCHRL requires evidence from which discrimination can be inferred).

Summary judgment dismissal is appropriate where, as here, the evidentiary record simply does not establish that plaintiff's termination occurred under circumstances giving rise to an inference that plaintiff's alleged protected class was a determining factor in the employment decision.  *See Toombs*, 2017 U.S. Dist. LEXIS 45544, at *18 (under ADA, plaintiff must prove "that the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision."); *Dessources v. Am. Conference Inst.*, 2013 U.S. Dist. LEXIS 69406, at *6 (S.D.N.Y. 2013) (same) (collecting cases); *Tabachnik v. Jewish Theol. Seminary of Am.*, 2004 U.S. Dist. LEXIS 3405, at *14 (S.D.N.Y. 2004) (same); *Concepcion v. City of New York*, 2016 U.S. Dist. LEXIS 11352 (S.D.N.Y. 2016) (plaintiff's failure to establish that actions occurred under circumstances giving rise to discrimination precludes claims under ADA and state/city laws).

Indeed, plaintiff is precluded from meeting her evidentiary burden and establishing any discriminatory animus because the undisputed evidentiary record establishes the legitimate business reasons for termination, i.e., job abandonment and a generally poor attitude towards her work responsibilities.  Significantly, as previously noted herein, IPD and Mr. Silverstein were **completely unaware** of plaintiff's parents' disabilities or plaintiff's care responsibilities relating

to them prior to her termination.  Further, IPD maintains established EEO and anti-discrimination policies and complaint procedures which were specifically designed to discourage any potentially discriminatory behaviors in the workplace.   Despite this, plaintiff never complained of discrimination during her tenure, and has been unable to identify one comment, remark or gesture made by Mr. Silverstein to her either during or after her tenure which would create a reasonable inference of discriminatory motive.  *See* Exhibit "C,"**[3]** Mr. Silverstein's December 28, 2017 email; Exhibit "D," Silverstein Tr. at 29:8-10, 163:17-20, 166:2-6, 183:12-18, 70:3-71:4, 163:24-164:5, 167:10-169:8, 169:9-170:12, 170:13-171:7, 37:6-8 and 38:4-6; Plaintiff Tr. at 29:25-30:18, 33:2-8 and 84:4-24; Exhibit "E," Handbook, "Job Abandonment," "EEO," "Sexual and Other Unlawful Harassment" and "Standards of Conduct" Policies; Exhibit "F," plaintiff's acknowledgment of receipt of same.

Even  if Mr. Silverstein had known about plaintiff's parents' disabilities, which he did not, plaintiff's clams fail because Mr. Silverstein shares plaintiff's protected category and is himself closely associated with a person with disabilities—namely, his mother.  *See* Exhibit "D," Silverstein Tr. at 128:22-25.

Case law is clear that no inference of discrimination can be established where: (i) the employer establishes a demonstrated, legitimate business reason for its employment decision; (ii) the employee fails to identify even one discriminatory comment or action by the decision-maker which would undermine the established legitimate reason for the employment action; (iii) the decision-maker is actually a part of the employee's protected class; and, (iv) the employer maintains clear, established anti-discrimination policies and a mechanism for internal employee complaints, none of which were/are utilized by the employee. *See Toombs*, 2017 U.S. Dist. LEXIS

---

[3] All references to exhibits herein are to those exhibits annexed to Defendants' 56.1 Statement.

45544, at *20 (S.D.N.Y. 27, 2017) (dismissing association discrimination claim where no facts demonstrating that termination was motivated by discriminatory animus); *Wesley-Dickson v. Warwick Val. Cent. Sch. Dist.*, 973 F. Supp. 2d 386, 405 (S.D.N.Y. 2013) (no reasonable juror could find discriminatory animus was a motivating factor due to absence of evidence of disability discrimination and in the face of non-discriminatory reason proffered by defendants); *Rogers v. Bank of NY Mellon*, 2016 U.S. Dist. LEXIS 107780, at *49 (S.D.N.Y. 2016) (no context for alleged discrimination where no identified discriminatory comments); *Risco v. McHugh*, 868 F. Supp. 2d 75, 92, n. 18 (S.D.N.Y. 2012) (no ADA discrimination claim where plaintiff could not specifically identify discriminatory conduct or comments); *Tucker v. City of New York*, 2008 U.S. Dist. LEXIS 76900 (S.D.N.Y. 2008) (inference of discrimination negated by the fact that supervisor in plaintiff's protected class), *aff'd*, 376 F. App'x 100 (2d Cir. 2010); *Milione v. City Univ. of N.Y.*, 950 F. Supp. 2d 704 (S.D.N.Y. 2013) ("Courts may draw an inference against discriminatory intent where the person who participated in the adverse action is a member of the same protected class."); *Bolick v. Alea Group Holdings, Ltd.*, 202 F. App'x 474 (2d Cir. 2006) (dismissing claims because plaintiff failed to take advantage of corrective opportunity provided by employer); *Dobrynio v. Central Hudson Gas & Elec. Corp.*, 419 F. Supp. 2d 557 (S.D.N.Y. 2006) (dismissing claims because plaintiff failed to use the internal complaint procedure).

Further, even assuming *arguendo* that plaintiff had disclosed her alleged association during her December 21, 2017 performance review meeting, which she did not, any inference of discrimination is further negated by plaintiff's pre-existing performance issues as evidenced by: (i) removal of plaintiff from her duties associated with one of IPD's construction projects located on 27th Street in Manhattan ("27th Street Project") due to performance issues; (ii) the feedback provided to plaintiff by Mr. Silverstein and Mr. Williams on a rolling basis during her tenure; and

(iii) Mr. Silverstein's constructive criticisms during plaintiff's December 21 performance review meeting.  *See Carmellino v. Dist. 20 of the NY City Dept. of Educ.*, 2006 U.S. Dist. LEXIS 63705, at *123 (S.D.N.Y. 2006) (where timing is only basis for causal connection, gradual reprimands before plaintiff's complaint disclosure undermines inference of improper motive); *Chinnery v. NY State Off. of Children & Family Servs.*, 2014 U.S. Dist. LEXIS 60896, at *32 (S.D.N.Y. 2014) (same) (*citing Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 94 (2d Cir. 2001)); *Mosley v. City of Rochester*, 2012 U.S. Dist. LEXIS 178090, at *15 (W.D.N.Y. 2012) (where a plaintiff is subject to gradual disciplinary actions prior to engaging in any protected activity, temporal proximity is insufficient to establish an inference of improper motive); *Nicastro v. N.Y.C. Dep't of Design and Const.*, 125 Fed. App'x 357, 358 (2d Cir. 2005) (no inference of improper motive where gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity).

Finally, there is no evidence in the record to establish that plaintiff was treated "less well" than comparable employees because of her alleged association under the NYCHRL's applicable standard.  Plaintiff has identified no co-workers with associations to people with disabilities who were treated unfairly in any way, or co-workers who were not known to have any relevant associations who were treated better than her.  Indeed, the opposite is true as all employees received and were subject to the same set of rules, and all employees of IPD were treated equally and fairly in all aspects of their employment pursuant to IPD's enforced EEO and antidiscrimination policies.  *See* Exhibit "E," Employee Handbook; Exhibit "D," Silverstein Tr. at 37:15-21 (all employees receive the same handbook); *see also Pryor v. Jaffe & Asher, LLP*, 992 F. Supp. 2d 252, 254 (S.D.N.Y. 2014) (under NYCHRL, plaintiff must establish that she was treated less well than other employees because of membership in a protected class); *Russo v. NY*

*Presbyt. Hosp.*, 972 F. Supp. 2d 429, 434 (E.D.N.Y. 2013) (plaintiff must show she's been treated "less well" because of protected class); *Anderson v. City of NY*, 2017 U.S. Dist. LEXIS 8358, at *54-55 (S.D.N.Y. 2017) (dismissing NYCHRL claim where plaintiff failed to allege facts sufficient to show he was treated less well); *DeLuca v. Sirius XM Radio, Inc.*, 2017 U.S. Dist. LEXIS 127278, at *54 (S.D.N.Y. 2017) (the NYCHRL is not intended to act as a general civility code).

<u>POINT III</u>

<u>DEFENDANTS HAVE ESTABLISHED THE LEGITIMATE BUSINESS REASONS FOR TERMINATION - NAMELY, HER JOB ABANDONMENT AND OTHER PERFORMANCE ISSUES AND PLAINTIFF HAS NOT ESTABLISHED THIS REASON IS PRETEXTUAL</u>

IPD's established, legitimate business reason for terminating plaintiff's employment, namely, her job abandonment, poor work attitude and judgment and apparent unwillingness to correct unprofessional behaviors, precludes plaintiff's discrimination claims.

It is well established via the *McDonnell Douglas* framework that an employer is entitled to summary judgment upon its introduction of evidence of a legitimate, nondiscriminatory reason for their business decision. *See Silver v. Entergy Nuclear Operations, Inc.*, 290 F. Supp. 3d 234, 243 (S.D.N.Y. 2017) (employer must offer admissible evidence a legitimate non-discriminatory reason for the decision) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Clark v. Jewish Childcare Assn.*, 96 F. Supp. 3d 237, 263 (S.D.N.Y. 2015) (defendant entitled to summary judgment where proffered evidence of legitimate reason, and no evidence of pretext); *Woolf v. Bloomberg L.P.*, 2019 U.S. Dist. LEXIS 35082, at *55 (S.D.N.Y. 2019) (granting summary judgment on ADA claim upon defendant showing legitimate business reason for termination); *Philip v. GTECH Corp.*, 2016 U.S. Dist. LEXIS 94777, at *73 (S.D.N.Y. 2016) (even under the

NYCHRL, defendants are entitled to summary judgment where evidence of good faith termination exists).

Here, the events leading up to plaintiff's eventual termination for job abandonment and performance issues are undisputed. The evidentiary record confirms that plaintiff began exhibiting performance issues shortly after she was hired including, *inter alia*, arriving to work late and missing parts of important morning meetings, appearing disorganized and generally behind or unknowledgeable about her projects, and rushing through her work without thought or attention to detail. *See* Exhibit "D," Silverstein Tr. at 124:2-9 (they would be sitting in the morning meeting and hear her barreling up the stairs), 123:19-24 (the issue with plaintiff's performance, as a whole, was that she always seemed a couple of steps behind what was going on, and generally had a reactive instead of a proactive work ethic), 124:20-125:15 (plaintiff's desk was always a "hodgepodge set of piled and folders without labels on them and various job data mixed together without organization); Exhibit "K," Williams Tr. at 59:18-61:23 (plaintiff rushed through her work and spent a lot of time on her cell phone), 67:14-18 (plaintiff often made errors that could have been avoided if she slowed down and paid more attention), 128:7-19 (plaintiff failed to pay attention to the little details that are a part of any entry-level job such as hers).

Plaintiff was provided constructive criticisms and multiple opportunities to improve throughout her tenure, but failed to correct her deficiencies. However, due to plaintiff's performance, in or around November 2017, plaintiff was largely removed from her duties associated with the 27th Street Project. *See* Exhibit "D," Silverstein Tr. at 100:5-12, 175:14-177:23, 178:9-179:6, 18:11-16, 19:20-25 and 94:25-95:3; Exhibit "K," Williams Tr. at 61:16-62:17, 109:23-112:20, 114:11-115:6, 119:21-121:14, 128:7-9, 88:24-89:13, 90:20-91:15 and 93:14-94:11.

On Friday, December 21, 2017, Mr. Silverstein met with plaintiff to discuss her end of year evaluation and performance review.  Mr. Silverstein advised plaintiff that she should work on improving her punctuality, organization skills, and follow-up internally and externally with clients/contractors.  During the discussion of plaintiff's punctuality issues, plaintiff requested that she be allowed to work on a modified schedule during the week so that she could take care of personal business such as going to the gym.  Mr. Silverstein was taken aback by the request, as he had just discussed plaintiff's punctuality as an issue.  *See* Exhibit "H," Plaintiff Tr. at 48:5-7, 11-13, 134:7-14, 129:9-13 and 131:19-132:9; Exhibit "C," Mr. Silverstein's December 28, 2017 email; Exhibit "D," Silverstein Tr. at 121:24-122:12, 46:24-47:2, 122:18-123:11, 122:23-123:11, 135:6-11, 136:5-9 and 136:22-137:4.

Additionally, during the December 21, 2017 meeting, plaintiff asked Mr. Silverstein if IPD's office would be open between December 26 and December 29, 2017. Mr. Silverstein confirmed that IPD's office would be open and that plaintiff was expected to work on those days. Further, plaintiff was well aware that her new hire employee status did not entitle her to a full week off from work.  *See* Exhibit "D," Silverstein Tr. at 132:21-133:5 and 191:2-4; Exhibit "E," Handbook, "Vacation" Policy for new hires; Exhibit "F," plaintiff's acknowledgment of receipt of same; Exhibit "H," Plaintiff Tr. at 130:14-19 (stating that at the time she was employed, she was "thoroughly aware of the handbook.").

Plaintiff thereafter failed to appear at work for three consecutive days: December 26, December 27, and December 28, 2017.  Further, during this time period, plaintiff failed to appropriately respond to Mr. Silverstein's text regarding a serious issue with Chrom's website, forcing Mr. Silverstein to do the work that she was supposed to perform in order to protect the brand's interests.  These deficiencies were further demonstration of the same work performance

issues which Mr. Silverstein had just discussed with her during her performance review meeting. Accordingly, on December 28, 2017 at 7:44 p.m., Mr. Silverstein notified plaintiff that her employment was terminated for job abandonment and her failure to correct work performance deficiencies.  *See* Exhibit "A," Amended Complaint at ¶ 52; Exhibit "G," text messages regarding Chrom website; Exhibit "D," Silverstein Tr. at 151:17-25, 154:22-155:23, 156:14-21, 29:8-10, 163:17-20, 166:2-6, 183:12-18, 70:3-71:4, 163:24-164:5, 167:10-169:8, 169:9-170:12 and 170:13-171:7; Exhibit "H," Plaintiff Tr. at 173:24-174:15; Exhibit "C," Mr. Silverstein's December 28, 2017; Exhibit "E," Handbook, "Job Abandonment" Policy.

Courts in this Circuit are clear that job abandonment, violation of the employer's established rules and other work performance deficiencies are legitimate reasons for terminating an employee.  Accordingly, the established record of job abandonment and plaintiff's apparent unwillingness to correct other performance deficiencies precludes plaintiff from establishing pretextual motive relative to her termination reasons.  *See also Adams v. Verizon NY, Inc.*, 2008 U.S. Dist. LEXIS 38649, at *10 (S.D.N.Y. 2008) (job abandonment is just cause for termination) (collecting cases); *Ejiogu v. Grand Manor Nursing & Rehabilitation Ctr.*, 2017 U.S. Dist. LEXIS 46629, at *31 (S.D.N.Y. 2017) (job abandonment is a legitimate, non-discriminatory reason for terminating an employee); *Dollinger v. State Ins. Fund*, 44 F. Supp. 2d 467, 480-481 (N.D.N.Y. 1999) (association provision of the ADA not intended to cover employees who violate a neutral employer policy concerning attendance or tardiness); *Tabachnik v. Jewish Theol. Seminary of Am.*, 2004 U.S. Dist. LEXIS 3405, at *15 (S.D.N.Y. 2004) (association discrimination claim dismissed where employer established that employee was terminated after work performance issues which caused employer to "lose all confidence" in employee's "ability to perform his job sufficiently."); *Welland v. Citicorp, Inc.*, 2003 U.S. Dist. LEXIS 22721, at *20 (S.D.N.Y. 2003) ("Discharging an

employee for violating company policies constitutes a legitimate and nondiscriminatory reason for terminating employment.") (collecting cases); *Martin v. MTA Bridges & Tunnels*, 610 F. Supp. 2d 238, 251 (S.D.N.Y. 2009) ("The Court does not sit as a super-personnel department that reexamines an entity's business decisions."); *Luxemberg v. Guardian Life Ins. Co.*, 2004 U.S. Dist. LEXIS 3121, *22 (S.D.N.Y. 2004) ("Courts are not in the business of adjudicating whether employment decisions are prudent or fair;" summary judgment granted) (citations omitted).

## POINT IV
## EVEN IF PLAINTIFF COULD ESTABLISH LIABILITY, WHICH SHE CANNOT, PLAINTIFF IS NOT ENTITLED TO BACK OR FRONT PAY BECAUSE SHE VOLUNTARILY SOUGHT AND HAS REMAINED IN A PART TIME POSITION UPON LEAVING IPD

Case law is clear that in order to be entitled to an award of back or front pay, plaintiff must prove that she made reasonable efforts to locate a suitable, comparable position after she was terminated from her employment.  *See Nokaj v. N. E. Dental Mgt., LLC*, 2019 U.S. Dist. LEXIS 24396, at *45 (S.D.N.Y. 2019) (employees claiming employment discrimination have a duty to mitigate their damages) (*citing Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998)); *Elmessaoudi v. Mark 2 Rest. LLC*, 2016 U.S. Dist. LEXIS 125927, at *45 (S.D.N.Y. 2016) (same); *DeMarco v. Ben Krupinski Gen. Contr., Inc.*, 2014 U.S. Dist. LEXIS 96350, at *48 (E.D.N.Y. 2014) (a plaintiff seeking an award of back or front pay has the duty to exercise reasonable diligence in mitigating damages); *EEOC v. Bloomberg L.P.*, 29 F. Supp. 3d 334, n. 9 (S.D.N.Y. 2014) (plaintiff cannot recover back pay in an employment discrimination matter where she has failed to mitigate her damages, even under the NYCHRL).

By plaintiff's own admission, she did not seek comparable employment upon leaving IPD. Rather, plaintiff affirmatively and voluntarily sought out, applied for and accepted part time

employment as an entry-level floor sales representative for Intermix, a clothing store. Accordingly, plaintiff is not entitled to receive back pay herein. *See* Exhibit "H," Plaintiff Tr. at 244:13-15 (plaintiff wanted to work at Intermix) and 212:16-21 (it was plaintiff's choice to work part-time); *see also EEOC v. Bloomberg L.P.*, 29 F. Supp. 3d 334, 345 (S.D.N.Y. 2014) (denying post-resignation back wages at summary judgment stage on grounds that plaintiff failed to mitigate); *Chisolm Liberty Lines Tr., Inc.*, 2013 U.S. Dist. LEXIS 16254, at *21 (S.D.N.Y. 2013) (plaintiff who voluntarily worked part time and did not make effort to seek comparable employment did not reasonably mitigate damages); *Paluh v. HSBC Bank USA*, 409 F. Supp. 2d 178, 204 (W.D.N.Y. 2005) (granting summary judgment as to plaintiff's back and front pay damages because plaintiff did not undertake a diligent search for comparable employment).

## CONCLUSION

For the foregoing reasons, it is respectfully that this Court issue an Order granting defendants' summary judgment dismissal pursuant to Rule 56 of the Federal Rules of Civil Procedure in its entirety, and dismissing plaintiff's claims with prejudice.

**Dated:**     New York, New York
               June 14, 2019

                        Respectfully submitted,

                        **WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

              By:        */ s / Nancy V. Wright*
                        Nancy V. Wright
                        Emery L. Lyon
                        Attorneys for Defendants
                        IPD and DAVID SILVERSTEIN
                        150 East 42nd Street
                        New York, NY 10017
                        Tel: (212) 490-3000
                        Fax: (212) 490-3038
                        File No. 12548.00074
                        *Nancy.Wright@wilsonelser.com*
                        *Emery.Lyon@wilsonelser.com*